| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>CHRISTOPHER J. KERN, ESQUIRE<br>525 Route 73 North<br>Building #5, Suite 104<br>Marlton, NJ 08053<br>(856) 751-4771<br>Attorneys for Debtor<br>By: Christopher J. Kern, Esquire (CJK – 5314) |

IN RE:                                                                                          BANKRUPTCY CASE NO. 15-17885

Ramona Pritchett                                                                    JUDGE:    ABA
                    Debtor
                                                                                                        CHAPTER 13

**CHAPTER 13 DEBTOR'S CERTIFICATION IN OPPOSITION TO**
**■ CREDITOR'S MOTION or CERTIFICATION OF DEFAULT**
**□ TRUSTEE'S MOTION or CERTIFICATION OF DEFAULT**

The debtor(s) in the above-captioned chapter 13 proceeding hereby objects to the following (**choose one**):

1.      **XX**    Motion for Relief from the Automatic Stay/Motion to Dismiss filed
                By **Wilimington Savings Bank** creditor,

        A hearing has been scheduled for **May 31, 2016** at **10:00** a.m.

                                                    **OR**

        _____ Motion to Dismiss filed by the Standing Chapter 13 Trustee.

        A hearing has been scheduled for _____ at _____

        _____ Certification of Default filed by _____, creditor,

        I am requesting a hearing be scheduled on this matter.

                                                    **OR**

        _____ Certification of Default filed by Standing Chapter 13 Trustee

        I am requesting a hearing be scheduled on this matter.

2.      I am objecting to the above for the following reasons: **(choose one):**

        \_\_\_\_ Payments have been made but have not been accounted for.

        **XX** Payments have not been made for the following reasons and debtor proposes repayment as follows (**explain your answer**): **Debtor has Been under a wage order for mortgage payments for $150.00/week to Bayview Loan Servicing. Counsel was not made aware of any transfer to Wilmington Trust. Debtor is providing proof of paystubs showing the deductions. Counsel requests a post-petition payment history to resolve.**

        \_\_\_\_ Other (**explain your answer**):

3. This certification is being made in an effort to resolve the issue raised by the creditor in its motion.

4. I certify under penalty of perjury that the foregoing is true and correct.

DATED: 5/12/2016          /s/ Ramona Pritchett
                                           Debtor

                                           Debtor

**NOTE:**

1. This form must be filed with the court and served upon the Standing Chapter 13 Trustee and creditor at least seven (7) days before the return date pursuant to D.N.J. LBR 9013-1(d), if filed in opposition to a *Motion for Relief from the Automatic Stay or Trustee's Motion to Dismiss*.

2. This form must be filed with the court and served upon the Standing Chapter 13 Trustee and creditor within ten (10) days of the filing of a *Creditor's Certification of Default* (under and Order *Resolving Motion to Vacate Stay and/or Dismiss with Conditions*) or a *Trustee's Certification of Default*.

**If this form is not filed the Motion or Certification of Default will be deemed uncontested and no hearing will scheduled.**

                                                                                                             6/20/06/jml